UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

JAMES E. ARNOLD,
DEBORAH C. ARNOLD,

                              Plaintiffs,

                                                      DECISION AND ORDER
              v.                                          00-CV-500A


KRAUSE, INC., HOME DEPOT, INC. and
HOME DEPOT U.S.A., INC.,

                              Defendants.

═══════════════════════════════


## BACKGROUND

This action arises as a result of an accident that occurred on March 1, 2000, when the plaintiff, James Arnold, was using a ladder manufactured by defendant Krause, Inc., and purchased by him at the Home Depot, Inc.  On that date, Arnold's neighbor, Jennifer O'Donohoe, approached him and asked to borrow a ladder because she was locked out of her second story apartment.  Mr. Arnold got his ladder and took it over to Ms. O'Donohoe's house and set it up.  Ms. O'Donohoe climbed the ladder but was unable to open her apartment window.  She climbed down, and Mr. Arnold climbed up.  While Mr. Arnold was climbing the ladder, it collapsed and he fell to the ground.  Mr. Arnold alleges that he examined the ladder after the accident and determined that one of the

1

hinges had broken.  Mr. Arnold alleges that he was seriously injured as a result of the accident.

Mr. Arnold filed this action in New York State Court on May 12, 2000, alleging negligent design (first cause of action), strict liability for a design defect (second cause of action), breach of implied and express warranty (third and fourth causes of action), and a loss of consortium claim by Mr. Arnold's wife, Deborah Arnold.  In his complaint, Mr. Arnold alleges that he was using the ladder in the manner intended at the time that the accident occurred and for purposes expected by the defendants and in a reasonably foreseeable manner.

The defendants removed the action to federal court on June 8, 2000, asserting diversity jurisdiction.  On September 10, 2001, the case was referred to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1).

On December 6, 2001, Magistrate Judge Foschio issued a scheduling order setting December 31, 2002 as the discovery completion date, June 12, 2002, as the deadline for disclosure of plaintiffs' expert witness, and August 30, 2002 for the deadline for disclosure of the defendants' expert witness.

On December 25, 2002, one week before the first discovery deadline was to expire and several months after experts were required to be identified, the plaintiffs' counsel sent Magistrate Judge Foschio a letter jointly

2

requesting on behalf of himself and defense counsel that the discovery deadline

be extended to June 30, 2003, and requesting a new deadline for the disclosure

of expert witnesses sometime before that date.

The request was granted.  On January 3, 2003, the Magistrate

Judge filed an amended scheduling order ("Amended Scheduling Order") setting

June 30, 2003 as the discovery completion deadline, and March 17, 2003 as the

deadline for disclosure of plaintiffs' expert.  See Dkt. No. 14.

On June 26, 2003, plaintiffs' counsel requested yet another

extension of the discovery completion deadline.  Counsel advised Magistrate

Judge Foschio that he had held off on conducting *any* discovery in anticipation

that the defendants would settle the case.  However, the defendants had

advised him that they were "not interested at that time" in settlement and

therefore counsel had no choice but to proceed with discovery.

Magistrate Judge Foschio again granted the motion for an extension

of time to complete discovery.  On June 30, 2003, Magistrate Judge Foschio

issued a second amended scheduling order ("Second Amended Scheduling

Order"), wherein he set the new discovery completion date as December 31,

2003, September 15, 2003 as the new deadline for disclosure of plaintiffs' expert

witness, and October 31, 2003 as the new deadline for disclosure of defendants'

expert witness.  See Dkt. No. 16.  The Second Amended Scheduling Order

advised the parties in bold capital letters that "NO FURTHER AMENDMENTS

3

TO THIS SCHEDULING ORDER WILL BE PERMITTED."  Id.

Plaintiffs failed to disclose an expert witness by September 15, 2003.  Nor had they conducted any discovery at that point.  Accordingly, on October 28, 2003, defendants filed a motion to preclude the plaintiff from offering expert testimony at trial and for summary judgment.

On November 2, 2003, the Magistrate Judge ordered the plaintiffs to respond to the defendants' motion for preclusion and summary judgment. Plaintiff responded on that date with a new motion to amend the scheduling order yet again.  See Dkt. No. 23.

In the meantime, on November 25, 2005, plaintiffs served discovery demands on the defendants, which the defendants failed to answer. Accordingly, on January 5, 2004, plaintiffs filed a motion for default judgment against the defendants based upon their failure to respond to the plaintiffs' discovery demands.

On July 22, 2004, Magistrate Judge Foschio issued a combined Report and Recommendation and Decision and Order ("Report"), pursuant to which he:  (1) denied the plaintiffs' motion to further enlarge the time to disclose their expert; (2) granted the defendants' motion under Fed. R. Civ. P. 37(b)(2)(B) and (c)(1) to exclude the plaintiffs' expert from testifying; (3) recommended that the defendants' motion for summary judgment be granted in its entirety; and (4) recommended that the plaintiff's motion for default judgment be denied.

4

Plaintiffs filed objections to the Magistrate Judge's Report and defendants filed a response thereto.  Oral argument on the objections was held on October 15, 2004.

## DISCUSSION

I.   **Appeal of Magistrate Judge Foschio's Decision and Order**

Plaintiffs appeal Magistrate Judge Foschio's order precluding their

expert, Stanley A. Kiska, from testifying as a sanction for failing to identify him

within the time frame set forth in the Second Amended Scheduling Order.

Plaintiffs argue that the preclusion order was unduly harsh under the

circumstances, and that the Magistrate Judge should have imposed a less

severe sanction.

This Court reviews nondispositive pretrial orders under the "clearly

erroneous or contrary to law" standard.  See 28 U.S.C. § 636(b)(1)(A);

Fed.R.Civ.P. 72(a).[1]  A magistrate judge's order is "clearly erroneous" where "'on

the entire evidence,' the [district court] is 'left with the definite and firm conviction

that a mistake has been committed.'"  Easley v. Cromartie, 532 U.S. 234, 243

(2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395

(1948)).  Pursuant to this "highly deferential" standard of review, "magistrates

are afforded broad discretion in resolving nondispositive disputes and reversal is

---

[1]   Plaintiffs argue that the Court should apply a *de novo* standard of review because the
Magistrate Judge's preclusion order had the effect of a dispositive ruling.  The Court rejects this
argument.  Pretrial matters involving discovery are generally considered nondispositive since
they do not resolve the substantive claims for relief alleged in the pleadings.  See Thomas E.
Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); see also Rmed Int'l, Inc. v.
Sloan's Supermarkets, Inc., No. 94 Civ. 5587(PKL), 2000 WL 420548, at *2 n. 1 (S.D.N.Y. Apr.
18, 2000) (decision to admit or exclude testimony is a nondispositive).  Furthermore, as
discussed below, preclusion of the plaintiffs' expert will not have a dispositive effect on plaintiffs'
claims.

6

appropriate only if their discretion is abused."  <u>Flaherty v. Filardi</u>, NO. 03 Civ.

2167 (LTS), 2005 WL 2224989, at *7 (S.D.N.Y. Sept. 14, 2005); <u>Federal Ins. Co.</u>

<u>v. Kingsbury Properties, Ltd.</u>, NO. 90 Civ. 6211 (JMC), 1992 WL 380980 at *2

(S.D.N.Y. Dec. 7, 1992).

      Rule 37 of the Federal Rules of Civil Procedure permits a court to

preclude evidence as a sanction for failing to comply with discovery rules and

orders.  Specifically, Rule 37(c)(1) provides that a party who, without substantial

justification, fails to disclose information required by Rule 26(a),[2] shall be

precluded from using such evidence at trial unless the failure to disclose is

harmless.  <u>See</u> <u>also</u> Rule 37(b)(2)(B) (providing that an appropriate sanction for

failing to obey a discovery order is to "[prohibit] that party from introducing

designated matters in evidence").  Similarly, Rule 16(f) permits a court to impose

any sanctions "as are just" (including preclusion sanctions permitted under Rule

37(b)(2)) for failure to obey a scheduling or pretrial order.  <u>See</u> Fed. R. Civ. P.

16(f).

      Disciplinary sanctions for failure to comply with Rule 37 are intended

to serve three purposes.  First, they ensure that a party will not benefit from its

own failure to comply with court orders.  Second, they are specific deterrents

and seek to obtain compliance with the particular order issued.  Third, they are

---

    [2]  Rule 26(a)(2) requires the parties to disclose the identities of expert witnesses "at the
times and in the sequence directed by the court."  <u>See</u> Fed. R. Civ. P. 26(a)(2)(C).

intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d  Cir. 1979).

The Second Circuit has instructed that "preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations," however, the Circuit also recognizes that preclusion may be necessary to achieve the purpose of Rule 37 as a credible deterrent "rather than a 'paper tiger'".  Update Art, Inc. v. Modiin Publishing Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  In determining whether preclusion of testimony is warranted, courts are required to consider the following factors:  (1) the party's explanation for the failure to comply with the disclosure order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.  See Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)).

The Magistrate Judge considered these four factors and concluded that preclusion of plaintiffs' expert was an appropriate sanction.  The Magistrate Judge found plaintiffs' explanation for their failure to timely identify their expert wholly inadequate.  As noted above, the Magistrate Judge's initial scheduling

8

order required the plaintiffs to identify their expert and to disclose his report by

June 12, 2002.  Upon the parties' request, the deadline for plaintiffs' expert

disclosure was extended two times.  In his Second Amended Scheduling Order,

Magistrate Judge Foschio extended the time for plaintiffs' expert disclosure to

September 15, 2003.  This was the deadline requested by the plaintiffs

themselves.  Nevertheless, they failed to meet this deadline.

As an excuse for the omission, plaintiffs' counsel advised Magistrate

Judge Foschio that he purposefully held off on conducting *any* discovery

because he anticipated that a settlement would be reached.

The possibility of settlement exists in virtually every civil case.  However, the

Magistrate Judge correctly found that this does not provide an adequate basis

for failing to comply with an unequivocal scheduling order of the Court.  See Lory

v. General Electric Co., 179 F.R.D. 86, 88 (N.D.N.Y. 1998) (finding that plaintiffs'

"unfounded belief that settlement was likely" failed to excuse late disclosure of

expert).  This is particularly true where, as here, the defendants had expressed

an unwillingness to settle the matter several months before the expert disclosure

deadline.[3]  Even after being advised of the defendants' position on settlement,

plaintiffs waited an additional three months, until after the expert disclosure

---

[3]  By June 26, 2003, at the latest, plaintiffs' counsel was aware that the defendants had
no interest in negotiating a settlement.  See Letter of Richard Clack, Esq., dated June 26, 2003.

9

deadline had passed, before contacting their proposed expert.[4]

The Magistrate Judge found that the defendants had been prejudiced by the plaintiffs' failure to timely disclose their expert.  He also found that the defendants had made a "significant investment" in pursuing their defense according to court-ordered deadlines.  See Report at 20.  During oral argument on the objections, defendants also claimed that plaintiffs' proposed expert testimony alters plaintiffs' theory of the case and contradicts plaintiffs' own testimony as to how the accident occurred.

In terms of the importance of the testimony, the Court notes that, although expert testimony would certainly be helpful in establishing plaintiffs' products liability claims, it is not essential.  Indeed, for the reasons discussed below, plaintiffs have provided sufficient evidence that - if believed by a jury – would support a verdict in their favor even absent expert testimony.  Therefore, excluding the proposed expert testimony will not affect the "substantial rights" of the plaintiffs.  See Wills v. Amerada Hess Corp., 379 F.3d 32, 50-51 (2d Cir. 2004).

Under all of the circumstances, the Court finds that Magistrate Judge Foschio's preclusion order was neither clearly erroneous nor contrary to law.  See id. (holding that district court did not abuse its discretion in excluding

---

[4]   The record shows that plaintiffs' proposed expert was not even contacted by plaintiffs' counsel until September 26, 2003, two weeks after the disclosure deadline had passed and more than three years after the lawsuit had been filed.

proffered expert testimony where plaintiff failed to timely disclose expert despite

being given ample opportunity to do so); <u>Wolak v. Spucci</u>, 217 F.3d 157 (2d Cir.

2000) (upholding district court's preclusion of expert witness where witness was

not disclosed timely); <u>Softel, Inc.</u>, 118 F.3d at 961-62 (same); <u>see also</u> <u>Troust v.

Trek Bicycle Corp.</u>, 162 F.3d 1004 (8th Cir. 1998); <u>Ebewo v. Martinez</u>, 309 F.

Supp. 2d 600 (S.D.N.Y. 2004); <u>Exxon Corp. v. Halcon Shipping Co.</u>, 156 F.R.D.

589 (D. N. J. 1994).  Accordingly, plaintiffs' appeal of the Magistrate Judge's

order is denied.


## II.      Objections to Magistrate Judge Foschio's
## Report and Recommendation

        Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u>

determination of those portions of the Report and Recommendation to which

objections have been made.

        Plaintiffs object to the Magistrate Judge's recommendation that

summary judgment be granted to defendants as to their claims for negligent

design, strict liability, breach of implied warranty and breach of express warranty.

Upon a <u>de novo</u> review, and after reviewing the submissions and hearing

argument from the parties, the Court finds that the defendants' motion for

summary judgment should be denied.

        Summary judgment is appropriate only where the record shows

11

"that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  <u>See</u> Fed. R. Civ. P. 56(c).  In determining whether to grant summary judgment, the Court must view all evidence in the light most favorable to the nonmoving party. <u>Adjustrite Sys. v. GAB Bus. Servs.</u>, 145 F.3d 543, 547 (2d Cir. 1998).  The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. <u>See</u> <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004).

To establish their claim of negligent design, the plaintiffs must show that the manufacturer of the ladder failed to use reasonable care in the making of its product.  <u>See</u> <u>Fane v. Zimmer, Inc.</u>, 927 F.2d 124, 130 (2d Cir. 1991).  The Magistrate Judge recommended that summary judgment be granted as to this claim because the plaintiffs failed to present evidence concerning relevant industry practices or alternative designs.  The Magistrate Judge found that, absent such evidence, the plaintiffs had failed to show how a reasonably prudent person acting under similar circumstances would have designed the ladder.  <u>See</u> Report and Recommendation, at 23.  While such evidence would not doubt assist plaintiff Arnold in establishing his negligent design claim, the absence of such evidence is not fatal.  The plaintiff is not required to show why the product malfunctioned to establish his claim.  <u>Jarvis v. Ford Motor Company</u>, 283 F.3d 33, 44 (2d Cir. 2002).  Rather, the plaintiff can establish a claim of

negligent design by showing that the defect existed at the time that the product was placed in the market, that it was reasonably certain that the product would be dangerous when put to its normal use, and that the defendant failed to use reasonable care in designing the product or testing or inspecting it for defects. Id. at 44-45.  Such a claim may be established by circumstantial evidence that the product did not perform as intended and by excluding all causes of the accident not attributable to the defendant.  Id. (citing Halloran v. Virginia Chemicals Inc., 41 N.Y.2d 386, 393 (1977)).

Mr. Arnold alleges that the ladder collapsed while he was using it properly and in the manner in which it was intended to be used.  He also alleges that he inspected the ladder after the accident and determined that one of the hinges had broken.  Such testimony, if believed by the jury, would be sufficient for the jury to conclude that the accident was caused by a defect in the design of the ladder, and not by misuse by the plaintiff.  Id.  See also Dubecky v. S2 Yachts, Inc., 234 A.D.2d 501, 502 (2d Dep't 1996).  Evidence offered by the defendant suggesting that the plaintiff was not using the ladder as intended does not defeat the plaintiffs' claim of negligent design, it simply creates a material issue of fact as to Mr. Arnold's misuse.

Likewise, Mr. Arnold's testimony, if believed by the jury, would also permit the jury to impose liability under a strict liability theory.  "In a design defect case there is almost no difference between a *prima facie* case in negligence and

13

one in strict liability." <u>Lancaster Silo & Block Co. v. Northern Propane Gas Co.</u>,

75 A.D.2d 55, 62 (4th Dep't 1980)(emphasis omitted).  Like negligent design, a

claim of strict products liability may be established based upon circumstantial

evidence that the ladder did not perform as intended.  Accordingly, Mr. Arnold's

testimony as to how the accident occurred and his subsequent inspection of the

ladder would permit the jury to infer that the product was defective and did not

perform as intended.  <u>See</u> <u>Voss v. Black & Decker Mfg.</u>, 59 N.Y. 2d 102, 107-08

(1983); <u>see also</u> <u>Putnick v. H.M.C. Assoc.</u>, 137 A.D.2d 179, 183 (3d Dep't 1988)

("[P]laintiff's testimony that he heard the ladder crack permits the inference that

the ladder did not perform as intended.").  Expert testimony as to the specific

design defect is not required.  <u>See</u> <u>Buckley v. General Motors Corp.</u>, No. 98 Civ.

4366(BSJ), 2004 WL 725933, at *3-4 (S.D.N.Y. April 2, 2004).  Rather, plaintiff's

direct testimony as to how the accident occurred creates a material issue of fact.
[5]

        Summary judgment should also be denied as to plaintiff's claims of

breach of implied and express warranties.  Plaintiff alleges that the defendants

made certain express warranties regarding the fitness, safety and suitability of

the ladder, and that he relied upon those warranties in purchasing and using the

product.  The law also implies a warranty by the manufacturer or seller of a

_____

        [5]  Defendants' counsel conceded this point during oral argument on plaintiffs' objections.

product that the product is reasonably fit for the ordinary purposes for which it was intended to be used.  If the product is not fit to be used for its ordinary purposes, the implied warranty is breached.  See Denny v. Ford Motor Co., 87 N.Y.2d 248, 262-63 (1995).  To establish a claim of breach of an express or implied warranty, the plaintiff must show that the product did not perform as promised or intended. See Sanders v. Quickstak, Inc., 889 F.Supp. 128, 133 n. 7 (S.D.N.Y. 1995) (express warranty); Wojcik v. Empire Forklift, Inc., 14 A.D.3d 63, 66 (3d Dep't 2004) (implied warranty).  Based upon plaintiff Arnold's description of the accident and his allegation that he was using the product as intended at the time, summary judgment should be denied as to these claims as well.

III.     **Plaintiffs' Discovery Demands and Motion for Default Judgment**

On November 25, 2003, the plaintiffs served discovery demands upon the defendants.  The defendants did not respond to those demands, asserting that their pending summary judgment motion, which was filed on October 28th, had stayed all discovery.  The plaintiffs thereafter filed a motion for default judgment based upon the defendants' failure to respond.  Alternatively, plaintiffs sought an order compelling the defendants to respond to their discovery demands.  Magistrate Judge Foschio recommended that the motion

15

for default judgment be denied, and found it unnecessary to compel the defendants to respond given his recommendation that summary judgment be granted to defendants.  See Report, at 36.   Plaintiffs object to that recommendation.  Alternatively, they seek an order compelling the defendants to respond.

The Court adopts Magistrate Judge Foschio's recommendation and denies plaintiffs' motion for default judgment for the reasons stated by Magistrate Judge Foschio.  However, the Court finds that the defendants should be compelled to respond to the plaintiffs outstanding discovery demands.  Although plaintiffs did not serve their discovery demands on the defendants until after the defendants had moved for summary judgment, their demands were served before the expiration of the time period set forth in the Second Amended Scheduling Order.  Under the circumstances and in light of this Court's decision denying the defendants' summary judgment motion, the Court finds that the defendants should be required to respond to those discovery demands that were served upon them within the time set forth in the Second Amended Scheduling Order.

## CONCLUSION

For the reasons stated, the Court hereby:  (1) denies the plaintiffs' appeal from Magistrate Judge Foschio's preclusion order; (2) denies the

16

defendants' motion for summary judgment in its entirety; and (3) denies the

plaintiffs' motion for default judgment but finds that the defendants should be

compelled to respond to those discovery demands that were served before

December 31, 2003.  The parties shall appear before the Court on November 2,

2005, at 9:00 a.m., for a meeting to set a trial date.

　　　　　IT IS SO ORDERED.

　　　　　　　　　/s/ Richard J. Arcara
　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　CHIEF JUDGE
　　　　　　　　　UNITED STATES DISTRICT COURT

DATED: September 30　　, 2005

17